IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-00912-M

| | |
|---|---|
| LG FUNDING, LLC, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>JCS HOSPITALITY, LLC, )<br>)<br>Appellee. )<br>)<br>_____ ) | ORDER |

This matter comes before the court on Appellant's motion seeking leave of court to file an appeal of the Bankruptcy Court's order denying Appellant's motion to dismiss in an adversary proceeding related to Appellee's Chapter 11 bankruptcy proceeding [DE 4]. The denial of a motion to dismiss in an adversary proceeding constitutes an interlocutory order because the bankruptcy judge retains the authority to reconsider that order at any time prior to final judgment. Fed. R. Bankr. P. 7054(a) (incorporating by reference Rule 54(a)–(c) of the Federal Rules of Civil Procedure); Fed. R. Civ. P. 54(b) (providing that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). As a result, Appellant may not appeal as of right and requires leave of court. 28 U.S.C. § 158(a)(1) & (3).

In seeking leave to appeal an interlocutory order, an appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review

until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). "When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000). That three-factor analysis requires a showing that "1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014). The appellant bears the burden of establishing each factor and, if any factor is not met, leave to appeal will be denied. *See In re Air Cargo, Inc.*, No. 08-CV-587, 2008 WL 2415039, at *3 (D. Md. June 11, 2008).

An order does not present a controlling question of law if it involves "[f]actual determinations." *In re Pawlak*, 520 B.R. at 182. In other words, "[a]n appeal that presents a mixed question of law and fact does not meet this standard." *In re Pilch*, No. 1:07-CV-306, 2007 WL 1686308, at *4 (W.D. Mich. June 8, 2007). In fact, "[t]he antithesis of a proper [interlocutory] appeal is one that turns on whether there is a genuine issue of fact or whether the [] court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Application of the foregoing principles compels denial of Appellant's motion. In denying the motion to dismiss, the Bankruptcy Court had to apply New York law to the "facts" of the case: those facts alleged in Appellee's complaint (which the Bankruptcy Court accepted as true) as well as the written agreement between the parties. DE 3 at 7-11. An appeal of that order thus presents "a mixed question of law and fact," *In re Pilch*, 2007 WL 1686308, at *4, i.e., "[t]he antithesis of

2

a proper [interlocutory] appeal," *McFarlin*, 381 F.3d at 1259.

Further, the Bankruptcy Court specifically found that it could not determine whether the agreement between Appellant and Appellee was a loan or true sale of receipts because "the conduct of the parties likely will also be relevant" to that determination, and such a determination required additional factual development through discovery. DE 3 at 12; *see also In re Shoot the Moon, LLC*, No. 2:15-BK-60979, 2020 WL 6588407, at *9 (Bankr. D. Mont. Nov. 6, 2020) ("distinguishing true sales from loans is a fact-intensive and holistic exercise"). These necessary "[f]actual determinations" mean that the order does not "involve[] a controlling question of law." *In re Pawlak*, 520 B.R. at 182. Appellant thus has not demonstrated that interlocutory appeal is warranted under the relevant standard. 28 U.S.C. § 1292(b); 28 U.S.C. § 158(a)(3). Without that showing, the court cannot otherwise discern "exceptional circumstances justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475. Appellant's motion for leave [DE 4] is DENIED.

SO ORDERED this 1st day of November, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE